**FILED**
CLERK, U.S. DISTRICT COURT

10/26/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CD _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

MARISOL HERNANDEZ,

       Defendant.

CR 2:23-cr-00522-RGK

I N D I C T M E N T

[18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 657: Embezzlement and Misapplication of Credit Institution Funds; 18 U.S.C. § 982: Criminal Forfeiture]

The Grand Jury charges:

COUNTS ONE THROUGH THREE

[18 U.S.C. § 1344(2)]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   Northrop Grumman Federal Credit Union ("NGFCU") was a credit institution, the accounts of which were insured by the National Credit Union Administration.

2.   Defendant MARISOL HERNANDEZ was an employee and agent of NGFCU.

3.   As an employee, defendant HERNANDEZ had access to NGFCU member financial accounts, including accounts belonging to deceased members.  Defendant HERNANDEZ also had the ability to issue official

checks from member accounts and cause withdrawals to be made from those accounts.

B.    THE SCHEME TO DEFRAUD

4.    Beginning on a date unknown to the Grand Jury but no later than December 2014, and continuing through on or about June 15, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant HERNANDEZ, knowingly and with intent to defraud, devised and executed a scheme to obtain monies, funds, assets, and other property owned by and in the custody and control of a financial institution, namely NGFCU, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

5.    The fraudulent scheme operated, and was carried out, in substance, in the following manner:

a.    Defendant HERNANDEZ would abuse her position at NGFCU by accessing bank accounts belonging to deceased NGFCU members and then cause official checks to be drawn from such accounts without the permission or authorization of the account holders.

b.    Defendant HERNANDEZ would input false descriptions of the financial transactions into NGFCU's computer system to conceal her fraudulent withdrawals, including false claims that the account holder was "closing account" and "Trustee request withdrawal."

c.    Defendant HERNANDEZ would cause the fraudulently issued checks to be deposited into bank accounts that defendant HERNANDEZ controlled at another financial institution.

d.    Defendant HERNANDEZ would provide false information to individuals who would call NGFCU on behalf of the victim account

2

holders to inquire about the missing funds to conceal the fraudulent withdrawals and lull the victims into inaction.

   e. Defendant HERNANDEZ would transfer funds between member accounts, without authorization, in attempts to avoid detection.

  6. In carrying out this scheme, defendant HERNANDEZ withdrew at least approximately $194,000 in funds from NGFCU member accounts, to be used for her own benefit.

C. <u>EXECUTION OF THE SCHEME</u>

  7. On or about the following dates, in Los Angeles County, within the Central District of California, defendant HERNANDEZ committed the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | December 2, 2014 | Withdrew $3,000 from an NGFCU account belonging to Victim D.B. by fraudulently issuing an official check, in Gardena, California |
| TWO | March 13, 2018 | Withdrew $15,000 from an NGFCU account belonging to Victim E.H. by fraudulently issuing an official check, in Gardena, California |
| THREE | January 22, 2020 | Withdrew $23,018.88 from an NGFCU account belonging to Victim M.S. by fraudulently issuing an official check, in Gardena, California |

//

//

COUNTS FOUR THROUGH SIX

[18 U.S.C. § 657]

On the following dates, in Los Angeles County, within the Central District of California, defendant MARISOL HERNANDEZ, being an officer, agent, and employee of Northrop Grumman Federal Credit Union ("NGFCU"), a credit union insured by the National Credit Union Administration, with intent to injure and defraud, willfully embezzled, abstracted, purloined, and misapplied the following amounts of monies and funds which had been entrusted to the custody and care of NGFCU:

| COUNT | DATE | AMOUNT |
|-------|------|--------|
| FOUR | September 2, 2021 | $23,241.61 |
| FIVE | September 20, 2021 | $23,241.61 |
| SIX | May 16, 2022 | $23,241.61 |

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Six of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly and indirectly, as a result of the offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

1  been substantially diminished in value; or (e) has been commingled
2  with other property that cannot be divided without difficulty.
3
4                                          A TRUE BILL
5
6                                              /S/
                                          _____
7                                          Foreperson
8  E. MARTIN ESTRADA
   United States Attorney
9
   MACK E. JENKINS
10 Assistant United States Attorney
   Chief, Criminal Division
11
12
13 SCOTT M. GARRINGER
   Assistant United States Attorney
14 Deputy Chief, Criminal Division
15 IAN V. YANNIELLO
   Assistant United States Attorney
16 Deputy Chief, General Crimes Section
17 KELLY LAROCQUE
   Assistant United States Attorney
18 General Crimes Section
19
20
21
22
23
24
25
26
27
28